IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02946-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Matthew A. Smith, has filed *pro se* a Complaint (ECF No. 1) in which he contends that Defendant has violated his rights under state and federal law. The Court must construe the Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

    Even construing the Complaint liberally, Mr. Smith fails to provide a short and plain statement of his claims showing that he is entitled to relief in this action as required pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. However, based

on copies of the decisions of hearing officers in Colorado state administrative proceedings regarding unemployment benefits attached to the Complaint, Mr. Smith appears to believe that his rights were violated in the course of those proceedings and that he is entitled to unemployment benefits from the Colorado Department of Labor and Employment.  The documentation attached to the Complaint also includes a copy of a motion to dismiss and supporting exhibits (*see* ECF No. 1-1 at 48 through ECF No. 1-2 at 47) filed by the Colorado Department of Labor and Employment in response to a complaint Mr. Smith recently filed in the County Court for the County of Denver, Colorado, on September 18, 2013.  It appears that the state court action is premised on the same denials of unemployment benefits.

The specific relief Mr. Smith seeks in this action also is not clear.  At one point he alleges that he "currently seeks relief from these proceedings or a settlement as is fair." (See ECF No. 1 at 2.)  The Court construes this statement as an indication that Mr. Smith is challenging the results of the Colorado state administrative proceedings regarding unemployment benefits.  Mr. Smith also seeks damages as relief.  (*See* ECF No. 1-2 at 48.)

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks jurisdiction to review the denials of unemployment benefits in the state administrative proceedings. Under Colorado law, "[a]ny interested party who is dissatisfied by a hearing officer's decision may appeal that decision and obtain administrative review by the industrial claim appeals office." Colo. Rev. Stat. § 8-74-104. Colorado law further provides that any interested party may seek judicial review of any final decision of the industrial claim appeals panel by filing a notice of appeal to the Colorado Court of Appeals. *See* Colo. Rev. Stat. § 8-74-107. Therefore, even if Mr. Smith has exhausted administrative remedies and alleged sufficient facts to support a claim for judicial review of the denial of state unemployment benefits, such a claim must be raised in the Colorado Court of Appeals and not in federal district court.

The Court also lacks jurisdiction over Mr. Smith's claims for damages. The Colorado Department of Labor and Employment is an official department within the executive branch of the state government of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-121. Furthermore, Colorado law defines the term "agency" to include departments. *See* Colo. Rev. Stat. § 24-3-101. Therefore, the Court finds that the Colorado Department of Labor and Employment is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and Mr.

Smith presents no argument or authority that demonstrates an unmistakable abrogation of Eleventh Amendment immunity by the State of Colorado.  Therefore, Mr. Smith's claims for damages also must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of    November        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court